**SO ORDERED.**

**SIGNED this 01 day of August, 2006.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**WYNNE PHILLIPS WHITE,**

      Debtor.                                                                   Case No. 05-08181-8-JRL

**STEPHEN L. BEAMAN, Trustee,**

      Plaintiff,

vs.                                                                      Adversary Proceeding No.:
                                                                             L-06-00047-8-AP

**WYNNE PHILLIPS WHITE,**

      Defendant.

_____

## ORDER

This matter is before the court on the defendant's motion to vacate default judgment. As the defendant is presently incarcerated in Hopewell, Virginia, the court will rule on her motion without a hearing.

## BACKGROUND

On March 10, 2006, the plaintiff filed a complaint objecting to the defendant's discharge and seeking revocation of the discharge under 11 U.S.C. § 727. A copy of the complaint and summons was served on the defendant through the U.S. Postal Service on March 14, 2006. The defendant has admitted that she received the documents in question on that date. After the defendant failed to answer within the thirty day time period provided for in the summons, the plaintiff filed an application for entry of default. On May 18, 2006, the default of the defendant was entered for failure to answer or appear. The plaintiff also filed a motion for default judgment and a hearing was scheduled. On June 9, 2006, the court granted the plaintiff's motion for default judgment.

On July 13, 2006, the defendant filed a motion to vacate default judgment. She asserts that she was incarcerated in the Riverside Regional Jail in Hopewell, Virginia two days prior to the expiration of the thirty day time period for filing an answer to the complaint. As a result, she was unable to prepare or file a timely answer. The defendant also asserts that she did not receive notice of the hearing on the motion for default judgment until the day after the hearing. The docket reflects that the court did not have notice of the defendant's incarceration until June 6, 2006; therefore, it is likely that the defendant would not have received notice of the hearing until June 9, 2006. The defendant asks that the order granting default judgment and the entry of default be vacated so that she may properly defend herself in this adversary proceeding and she seeks additional time to file her answer.

On July 18, 2006, the plaintiff filed a response to the defendant's motion. The plaintiff asserts that in order to prevail in a motion to vacate default judgment, the defaulting party must show excusable

neglect and a meritorious defense. As the defendant does not address the issue of meritorious defense in her motion, the plaintiff contends that the motion must be denied.

## DISCUSSION

The Fourth Circuit has held that "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States of America v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Additionally, the party seeking such relief must satisfy one of the six enumerated sections of Rule 60(b) of the Federal Rules of Civil Procedure. See Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). To establish a "meritorious defense," there must be a presentation or proffer of "evidence, which, if believed, would permit either the court or the jury to find for the defaulting party." Moradi, 673 F.2d at 727.

A claim of innocence is not sufficient to establish a meritorious defense. See St. Paul Surplus Lines Ins. Co. v. Davis, Case No. 91-2213, 1993 U.S. App. LEXIS 234, *6 (4th Cir. Jan. 8, 1993). The defendant in Davis was a federal prisoner at the time the plaintiff filed a complaint against him. Id. at *2. Through his attorneys, the defendant moved to quash service of process and dismiss the complaint. The district court granted his motion to dismiss one claim but denied the motion to quash as to the other claims in the complaint. Twenty days later, the plaintiff filed a motion for default judgment based on the defendant's failure to file an answer within ten days of the court's order. Id. at *3. Shortly thereafter, the defendant's attorneys withdrew as they had only agreed to represent him through the litigation of the motion to quash and dismiss. Id.

The defendant subsequently filed a motion for reconsideration on the grounds that he had not

3

seen the court's order or any of the pleadings, including the complaint. Id. He also asserted that he was innocent of the charges made against him. The Fourth Circuit found that the defendant met his burden to prove excusable neglect, as his attorneys should have provided him with copies of the pleadings and warned him of the possibility of a default judgment before withdrawing. Id. at *6 n.2. However, the Court refused to vacate the default judgment based on a "non-meritorious allegation of innocence." Id. at *7.

The defendant in this case has failed to establish a meritorious defense. Her motion to vacate default judgment addresses the reasons for her failure to appear or answer the complaint; however, no evidence is presented that would allow the court to find for the defendant. The only attempt at a defense is a denial of the allegations made in the complaint.

The defendant also fails to prove excusable neglect under Rule 60(b).[1] She was incarcerated only two days before the expiration of the thirty day time period to answer the complaint. She admits she was served with the complaint and understood that an answer was required within a specific time period. The defendant could have contacted an attorney or legal aid after she was incarcerated to file an answer on her behalf. Even after the time period had expired to file an answer in this adversary proceeding, the defendant made no attempt to contact the court to prevent the entry of default. Although the defendant claims to not have access to paperwork or a law library that maintains federal materials, her motion to vacate default judgment shows that she has the ability to craft pleadings and access to the mail.

---

[1] Although the defendant did not specifically plead "excusable neglect," it is the only enumerated reason in Rule 60(b) that conforms to the facts alleged in the defendant's motion.

4

## CONCLUSION

Based on the foregoing, the court finds that the defendant has failed to present a meritorious defense or prove excusable neglect pursuant to Rule 60(b). Accordingly, the defendant's motion to vacate default judgment is denied.

"End of Document"